UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARLOW L LEAHMON,

    Plaintiff,

v.                                                             Case No: 5:22-cv-430-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This consent case is before the undersigned on Defendant's unopposed motion for entry of judgment with remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action. (Doc. 14). Defendant states that Plaintiff has no objection to the Motion to Remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522

n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is respectfully ORDERED that:

(1) Defendant's unopposed motion for entry of judgment with remand (Doc. 14) is GRANTED.

(2) This action is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> For the Administrative Law Judge to: (1) offer Plaintiff the opportunity for a new hearing; (2) further evaluate the nature and severity of Plaintiff's impairments; (3) further evaluate whether Plaintiff's impairments meet or equal a Listing from the Listing of Impairments; (4) further evaluate all of the opinion evidence pursuant to the applicable regulations; (5) further evaluate the residual functional capacity; (6) obtain supplemental evidence from a vocational expert (VE); (7) identify and resolve any conflicts between the evidence provided by the VE and information in the Dictionary of Occupational Titles; (8) take any further action needed to complete the administrative record; and (9) issue a new decision.

(3) The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 20, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties